IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,451-02





 EX PARTE GREGORY E. WRIGHT







ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NO. W97-01215-J(B)

IN THE CRIMINAL DISTRICT COURT NO. 3

DALLAS COUNTY




 Per Curiam. Keller, P.J., Keasler and Hervey, JJ., concur. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for stay
of execution.

 In December 1997, a jury found applicant guilty of capital murder. The jury answered
the special issues submitted pursuant to Texas Code of Criminal Procedure Article 37.071,
and the trial court, accordingly, set applicant's punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Wright v. State, 28 S.W.3d 526 (Tex.
Crim. App. 2000). Applicant filed his initial post-conviction application for writ of habeas
corpus in the convicting court on July 28, 1999. In that application, applicant raised twenty-three claims, in which he challenged the constitutionality of Articles 11.071 and 37.071,
claimed that he is actually innocent, and claimed that he received ineffective assistance of
both trial and appellate counsel. This Court denied applicant relief. Ex parte Wright, No.
WR-46,451-01 (Tex. Crim. App. Sept. 13, 2000)(not designated for publication). 

 Applicant filed the instant application in the trial court on August 20, 2008. He raises
two claims in the application: (1) an actual innocence claim based upon newly discovered
evidence; and (2) several "gateway" claims of constitutional violations. Because applicant
has presented new evidence that has been discovered since the time of his initial writ
application, we find that he has met the dictates of Article 11.071 § 5 with regard to the
actual innocence claim raised in his first allegation. Therefore, we remand that allegation to
the trial court to investigate the claim and develop the record. Although we do not pass upon
whether applicant's second allegation of various "gateway" claims meets the dictates of
Section 5, we have determined that the trial court may consider those "gateway" claims as
appropriate in relation to its review of the actual innocence recantation claim. In light of the
trial judge's order modifying the execution date, we deny applicant's stay of execution. 

 IT IS SO ORDERED THIS THE 9TH DAY OF SEPTEMBER, 2008.


Do Not Publish